IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARK ALAN SCARBOROUGH,                )
                                      )
         Petitioner,                  )
                                      )
    v.                                )       1:12CR43-1
                                      )       1:14CV400
UNITED STATES OF AMERICA,             )
                                      )
         Respondent.                  )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per now-Senior United States District Judge James A. Beaty, Jr.) entered a Judgment against Petitioner imposing, inter alia, a 180-month prison term, as a result of his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). (Docket Entry 12; see also Docket Entry 19 (Plea Hrg. Tr.); Docket Entry 20 (Sent'g Hrg. Tr.).)[1] The Fourth Circuit affirmed. United States v. Scarborough, 517 F. App'x 189 (4th Cir. 2013). Petitioner thereafter filed a pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 24), which included a claim that he did not qualify for enhanced sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because his "breaking and entering [convictions] were not violent felonies" (id., ¶ 12(Ground One)). The undersigned United States Magistrate

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Judge recommended that the Court deny Petitioner's Section 2255 Motion (Docket Entry 32) and, in so doing, observed that "Ground One fail[ed] as a matter of law in light of <u>United States v. Mungro</u>, 754 F.3d 267, 269-72 (4th Cir. 2014)" (Docket Entry 32 at 2). Petitioner objected to that Recommendation, but without specifically addressing <u>Mungro</u>. (<u>See</u> Docket Entry 35.) By Order and Judgment dated March 20, 2015, the Court (per now-Senior Judge Beaty) adopted the Recommendation. (Docket Entry 36.)

Petitioner did not give notice of appeal as to that Order and Judgment (<u>see</u> Docket Entries dated Mar. 20, 2015, to present), but instead filed a "Supplement to His Objections to the Magistrate's Report and Recommendation with a Request for an Evidentiary Hearing and/or Resentencing" (the "First Supplement") (Docket Entry 37), which he dated as mailed to Respondent on April 2, 2015 (<u>id.</u> at 6), and which the Clerk docketed on April 6, 2015 (<u>id.</u> at 1). In the First Supplement, Petitioner acknowledged receiving the Order and Judgment denying his Section 2255 Motion, but claimed (without citation to any pertinent authority) an entitlement to have the Court make a new assessment of his Section 2255 Motion based on the matters raised in the First Supplement. (<u>See</u> <u>id.</u> at 1-2.) In that regard, the First Supplement asserts that:

1) in light of <u>United States v. Davis</u>, 720 F.3d 215, 218 (4th Cir. 2013), the Court "erroneously separated [his] offenses for felony breaking and entering . . ., counting [them] as three (3)

2

prior convictions to trigger the ACCA enhancement, when the offenses were consolidated for conviction and sentencing purposes pursuant to North Carolina law" (Docket Entry 37 at 2);[2] and

2) in Mungro, the Fourth Circuit wrongly deemed breaking and entering under North Carolina law a "violent felony" under the ACCA (see id. at 5 ("The ruling in Mungro relied on the offense of burglary in deciding that the North Carolina felony breaking and entering offense was a violent felony, of [sic] which is contrary to statutory construction of § 924(e)(2)(B). The ruling in Mungro also relied on the residual clause, of [sic] which is in question in the Supreme Court and soon to be decided." (internal citation omitted))).

Subsequently, Petitioner filed a "Supplement of the Supreme Court's Anticipated Ruling in Welch v. U.S., of [sic] Which Will Clarify the Retroactivity of the Ruling in Johnson v. U.S., and Request for Status of the Pending Habeas Corpus Motion" (the "Second Supplement") (Docket Entry 38), which he dated as mailed to Respondent on March 15, 2016 (id. at 3), and which the Clerk docketed on March 22, 2016 (id. at 1). In pertinent part, the Second Supplement states:

> [P]etitioner has presented the [C]ourt the claim that his North Carolina prior convictions for breaking and

---

[2] Despite filing his Section 2255 Motion (in 2014) after the Fourth Circuit decided Davis (in 2013), Petitioner did not include therein a claim based on Davis. (See Docket Entry 24, ¶ 12.)

3

> entering are not violent felonies to trigger the ACCA
> enhancement imposed on him, and now contends that the
> ruling in Johnson[ v. United States, ___ U.S. ___, 135 S.
> Ct. 2551 (2015),] further clarifies that his prior
> convictions are not violent felonies to trigger the ACCA
> enhancement.
>
> The anticipated ruling in Welch[ v. United States, ___
> U.S. ___, 136 S. Ct. 790 (2016) (granting certiorari)]
> will determine whether or not the ruling in Johnson is
> retroactively applicable to cases on collateral review.
> [P]etitioner contends that the interest of justice
> requires the [C]ourt to apply the Supreme Court's rulings
> in Johnson to the present case in making any
> determination as to whether or not his North Carolina
> prior convictions are qualifying violent felonies to
> trigger the ACCA enhancement imposed on him.  Also, the
> anticipated ruling in Welch will resolve any issue of
> retroactivity of the ruling in Johnson, and this [C]ourt
> must consider the case and/or anticipated ruling as well.
>
> [P]etitioner contends that he is entitled to relief from
> the erroneous ACCA enhancement imposed on him and the
> ruling in Johnson further confirms the fact that
> [P]etitioner is entitled to relief.

(Id. at 1-2.)[3]

"In cases where a party submits a [post-judgment] motion such as [the First Supplement and the Second Supplement], which . . . does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." In re Burnley, 988 F.2d 1, 2 (4th Cir.

---

[3] "As a final matter, [P]etitioner request[ed] this honorable [C]ourt to inform him of the status of the pending writ of habeas corpus motion . . . ." (Docket Entry 38 at 2.)  This Recommendation (a copy of which the Clerk will forward to Petitioner) provides a full description of the procedural posture of this case, so as to moot that aspect of the Second Supplement.

4

1992);[4] see also Rule 12, Rules Governing Sect. 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Petitioner's First Supplement and Second Supplement do not set forth grounds that would entitle him to relief under Rule 59(e) (to the extent potentially applicable)[5] and/or Rule 60(b). Accordingly, the Court should decline to vacate its Order and Judgment denying Petitioner's Section 2255 Motion.

The Court may grant a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins.

---

[4] Although, unlike the filings at issue in Burnley, Petitioner's First Supplement and Second Supplement bear names, those names (as quoted above) do not refer to any rule, statute, or other procedural mechanism that would permit post-judgment litigation. Accordingly, as in Burnley, the Court properly should look to Federal Rules of Civil Procedure 59(e) and/or 60(b). Moreover, proceeding in that fashion honors the principle of liberal construction of pro se filings, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and protects Petitioner's appellate rights, see Fed. R. App. P. 4(a)(4)(A)(iv) & (vi).

[5] As documented above, Petitioner did not file the Second Supplement within 28 days of the Court's entry of the Order and Judgment denying his Section 2255 Motion and thus, by the express terms of Rule 59(e), Petitioner could not rely on that provision to obtain relief from the Order and Judgment based on matters raised in the Second Supplement. See Fed. R. Civ. P. 59(e).

Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The Court should deny the First Supplement under Rule 59(e), because the First Supplement cites neither an intervening change in the law nor any new evidence that would warrant altering or amending the Court's Order and Judgment and makes no convincing argument that the Court committed a clear error of law or other act that gave rise to any form of (much less manifest) injustice.

As quoted above, the First Supplement challenges Petitioner's ACCA enhancement based on <u>Davis</u>; however, that decision does not apply to the ACCA. <u>See</u> <u>United States v. Norton</u>, 584 F. App'x 158, 159 (4th Cir. 2014) ("[The defendant] contends that his two North Carolina common law robbery convictions should be counted as only one predicate offense for the purpose of the [ACCA] enhancement because they were part of a consolidated judgment. Although we held in [<u>Davis</u>], that a consolidated sentence for multiple North Carolina convictions is to be treated as a single sentence for purposes of the career offender enhancement, <u>Davis</u> does not apply in the context of the ACCA. We reiterate that 'nothing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses,' and that 'the only requirement for applying the [ACCA] enhancement is that the predicate offenses be committed on occasions different from one another.'" (quoting <u>United States v. Samuels</u>, 970 F.2d 1312, 1315 (4th Cir. 1992)) (internal brackets and citation

6

omitted)), cert. denied, ___ U.S. ___, 135 S. Ct. 1461 (2015). Further, contrary to his suggestion in the First Supplement, Petitioner cannot obtain any relief from this Court by challenging the correctness of the Fourth Circuit's determination in Mungro that North Carolina's breaking and entering offense constitutes "burglary" within the meaning of the ACCA. See Cockerham v. Stokes Cty. Bd. of Educ., 302 F. Supp. 2d 490, 496 (M.D.N.C. 2004) (Osteen, Sr., J.) ("[T]his [C]ourt is bound to follow the Fourth Circuit's interpretation of [the law]."). Finally, to the extent the First Supplement contends that, in adjudging breaking and entering under North Carolina law a "violent felony" for purposes of the ACCA, "[t]he ruling in Mungro also relied on the [ACCA's] residual clause" (Docket Entry 37 at 5), Petitioner has misread that decision, see Mungro, 754 F.3d at 269-72.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). "[I]n order to obtain relief from a judgment under Rule 60(b), a moving party must show that . . . he has a meritorious [claim or] defense . . . . If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). For reasons

7

set forth above, the First Supplement's discussion of Davis and Mungro does not satisfy the threshold requirement of presenting a facially meritorious attack on either Petitioner's original Judgment or the Order and Judgment denying his Section 2255 Motion.

The Second Supplement falls short under Rule 60(b) for the same basic reason. Specifically, because Johnson invalidated only the "residual clause" of the ACCA's "violent felony" definition, see Johnson, ___ U.S. at ___, 135 S. Ct. at 2563, the Second Supplement's Johnson-related arguments (regardless of the resolution of the retroactivity issue in Welch)[6] do not affect the conclusion, premised on Mungro, that Petitioner's breaking and entering convictions meet the "burglary" portion of the ACCA's "violent felony" definition.

**IT IS THEREFORE RECOMMENDED** that Petitioner's "Supplement to His Objections to the Magistrate's Report and Recommendation with a Request for an Evidentiary Hearing and/or Resentencing" (Docket Entry 37) be construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and/or a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and be denied without issuance of a certificate of appealability.

---

[6] Yesterday, the Supreme Court ruled Johnson retroactively applicable to cases on collateral review. See Welch v. United States, ___ U.S. ___, 2016 WL 1551144 (2016).

**IT IS FURTHER RECOMMENDED** that Petitioner's "Supplement of the Supreme Court's Anticipated Ruling in Welch v. U.S., of Which Will Clarify the Retroactivity of the Ruling in Johnson v. U.S., and Request for Status of the Pending Habeas Corpus Motion" (Docket Entry 38) be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and be denied without issuance of a certificate of appealability.

                                              /s/ L. Patrick Auld
                                                       **L. Patrick Auld**
                                      **United States Magistrate Judge**

April 19, 2016