IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-CR-43 |
| | ) | |
| MARK ALAN SCARBOROUGH | ) | |

**MEMORANDUM ORDER**

Before the court is pro se Defendant Mark Alan Scarborough's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 76.) The Government has responded in opposition (Doc. 79), and Scarborough has replied (Doc. 83). For the reasons set forth below, the motion for compassionate release will be denied.

## I. BACKGROUND

On April 12, 2012, Scarborough pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 12.) On July 11, 2012, Scarborough was sentenced to 180 months of imprisonment. (Id.) He is presently incarcerated at USP Atlanta, and his presumptive release date is March 5, 2025. Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc. He is 57 years old. Id.

Scarborough moved for compassionate release on January 22, 2024. (Doc. 76.) He argues that his medical conditions and allegedly inadequate treatment by the Bureau of Prisons ("BOP") constitute extraordinary and compelling reasons for a reduction in

sentence. (Id.) The Government responds that his conditions are being adequately treated by BOP and that his conditions are not so severe that they justify release. (Doc. 79.)

**II. ANALYSIS**

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended section 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to section 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP

determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see, e.g., United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished)[1] (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)). Additionally, a court, in considering a reduction in sentence pursuant to section 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As recently amended, United States Sentencing Guideline section 1B1.13(a) essentially reiterates the requirements of section 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also Beck, 425 F.

[1] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

Supp. 3d at 578. Section 1B1.13(b) then provides a non-exhaustive list of examples of extraordinary and compelling reasons to grant a compassionate release. The four enumerated reasons are (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; and (4) defendant as a victim of abuse. U.S.S.G. § 1B1.13(b). Section 1B1.13(b)(5) then provides a catch-all for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Section 1B1.13(b)(6) also provides that a court may consider a change in the law when determining "whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Finally, section 1B1.13(d) states that rehabilitation of the defendant is not alone an extraordinary and compelling reason, but it may be considered along with other circumstances.

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2403-04 (2022). However, courts do not have unfettered jurisdiction or discretion

to modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it to do so. Even then, section 3582(c) is appropriately invoked only in unusual cases, or, as the Fourth Circuit phrases it, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the Sentencing Reform Act explained that compassionate release would address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'" (citations omitted)). It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36. Nor is it a vehicle to collaterally attack a federal conviction or sentence. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

The Government concedes that Scarborough has met the exhaustion requirement. (Doc. 79 at 3 n.1.) The court thus turns to the merits.

Scarborough contends that his medical conditions warrant a

reduction in sentence. Under U.S.S.G. § 1B1.13(b)(1)(C),[2] an extraordinary and compelling circumstance may exist where a

> defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

An extraordinary and compelling reason may also exist under circumstances that rise to a "similar gravity" as those outlined in U.S.S.G. § 1B1.13(b)(1)-(4). U.S.S.G. § 1B1.13(b)(5).

Scarborough contends that he suffers from chronic obstructive pulmonary disease ("COPD") and that BOP has not provided him with medication to which he is not allergic. (Doc. 76 at 7.) He claims that he was prescribed Symbicort at a previous facility but was switched to Wixela, to which he was allergic. (Id.) His medical records corroborate his claim that the Wixela inhaler caused him to "cough up fluid," (Doc. 80-1 at 34), but after refraining from using Wixela and instead opting for Albuterol, his problems subsided and he denied shortness of breath or chest pain, (id. at 33). An exam of his lungs on February 10, 2023, was "unremarkable." (Id. at 34.) A CT scan of his lungs in April 2023 showed a "stable 2 mm nodule anteriorly in the left lung," and a follow-up CT scan was recommended and scheduled for twelve months later. (Id. at 115.) During a chronic care visit in

[2] Scarborough has not shown that any diagnosis of his is "terminal," U.S.S.G. § 1B1.13(b)(1)(A) or "substantially diminishes" his ability to carry on self-care, id. § 1B1.13(b)(1)(B).

November 2023, he had a pulse oximetry level of 99% and appeared with no discomfort. (Id. at 8.) On February 6, 2024, during a sick call, Scarborough reported shortness of breath and continued to refuse Wixela. (Id. at 2.) Instead, he opted for Asmanex, and his provider noted he would reevaluate if Scarborough did not tolerate it well. (Id.) A CT scan was scheduled for April 2024 for follow-up, and the Government notes that Scarborough's clinical presentation has not yet indicated a need for a pulmonology consultation. (Doc. 79 at 8.) In sum, Scarborough's COPD has presented at times as unpleasant, but to the extent he has been denied his preferred inhaler, he has not shown that it has or will result in a "serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

As to Scarborough's dermatology issues, his records show a diagnosis for basal cell carcinoma, a type of skin cancer, around July 2023. (Doc. 80-1 at 59.) He has had lesions removed from his scalp and forehead, and he has been provided an ointment to use on the affected areas. (Id. at 94-97.) Scarborough claims in his motion that at USP Atlanta he was denied the ability to wear a wide-brimmed hat while outside, which he claims he was allowed to do at previous facilities. (Doc. 76 at 12.) In his reply, however, Scarborough states that he now has authorization to wear it. (Doc. 83 at 4.) He also noted that he was scheduled for a follow-up visit with a dermatologist in March 2024. (Id. at 3.)

Similarly to the COPD condition, Scarborough's dermatology condition and any deficiency in care does not rise to the level warranting a reduction in sentence.

Similarly, Scarborough's glaucoma and dental treatments are not extraordinary and compelling reasons. His records demonstrate frequent treatment by ophthalmologists and that his glaucoma is presently being managed. (Doc. 80-1 at 3-4, 11-12, 89-92, 100-02, 110-13.) A vision screening in November 2023 showed that he had 20/30 vision in his right eye and 20/20 vision in his left eye when wearing corrective lenses (Doc. 80-1 at 11), which contravenes (or at least contextualizes) his contention that he is "blind in [his] right eye" (Doc. 83 at 4). Moreover, there is no indication in his medical records that he has any serious dental issues.[3] In sum, Scarborough's medical conditions and any alleged deficiencies in treatment, considered individually or cumulatively, do not constitute grounds for compassionate release.

Even if extraordinary and compelling reasons existed, early release would not be appropriate in this case in light of the § 3553(a) factors.

[3] The court cannot discern whether BOP's statement that "inmates who have waited the longest being seen first" for dental treatment "means some inmates must wait for non-emergency treatment" (Doc. 79 at 12-13) reflects an acknowledgement of a significant delay in dental treatment. Though perhaps a challenge for the BOP to provide timely medical treatment, it nevertheless should be providing timely medical treatment for all inmates in need.

Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." Kibble, 992 F.3d at 334-35 (Gregory, C.J., concurring). Thus, the court must consider --

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . .;
>
> (5) any pertinent policy statement . . . by the Sentencing Commission . . .;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In the offense of conviction, Scarborough fired a handgun at a vehicle occupied by his neighbor following a verbal altercation between the two outside of their homes. (Doc. 44 ¶¶ 6-7.) On the way to the police station, Scarborough damaged the police cruiser by kicking the shield and right passenger window. (Id. ¶ 8.) Additionally, Scarborough has a lengthy criminal record involving violence and/or firearms, leading to his being sentenced as an armed career criminal. (Id. ¶¶ 25-38.) Granting Scarborough's motion for compassionate release would fail to adequately reflect the seriousness of the offense of conviction, his criminal history, the need for deterrence and the need for the sentence to promote respect for the law.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Scarborough's motion for compassionate release (Doc. 76) is DENIED.

/s/ Thomas D. Schroeder
United States District Judge

June 4, 2024